UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUET F, WONG, | |
|     Plaintiff, | Case No.  2:11-cv-01428-ECR-GWF |
| vs. | **ORDER** |
| CITI HOME LOANS SERVICING LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, | Motion to Stay Discovery (#34) |
|     Defendants. | |

      This matter comes before the Court on CitiMortgage, Inc's Motion to Stay Discovery (#34), filed on April 26, 2012 and Defendant MERS' Joinder to Motion to Stay (#35), filed on May 1, 2012.  Defendants request the Court stay discovery in this matter pending decision on CitiMortgage's Motion to Dismiss (#9), which is fully briefed and awaiting ruling by the Court.

**DISCUSSION**

      Courts have broad discretionary power to control discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion.  Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555–6 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).  Common examples of such situations where a stay is warranted are when jurisdiction, venue, or immunity are preliminary issues. *Id*.  Ultimately, . . .

the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Defendant filed its Motion to Dismiss (#9) on October 25, 2011, arguing that Plaintiff failed to state claims upon which relief can be granted and Plaintiff's claims are untenable under the applicable law.  Upon review of the various arguments set forth by CitiMortgage in support of their Motion to Dismiss, without expressing a view one way or the other on the merits of the motion, the Court finds that Defendant has met their burden to show that discovery should be stayed.  Because Plaintiff failed to file a response to this motion, the Court will not proceed with a detailed analysis of the likelihood of success of each of Plaintiff's claims.  Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  The Court therefore will grant Defendant's motion and stay all discovery pending the disposition of Defendant's Motion to Dismiss (#9).  Accordingly,

**IT IS HEREBY ORDERED** that CitiMortgage, Inc's Motion to Stay Discovery (#34) is **granted**.  All discovery will be stayed pending disposition on Defendant's Motion to Dismiss (#9)

DATED this 11th day of May, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge