**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SUET F. WONG, an individual, | ) | 2:11-cv-001428-ECR-GWF |
| | ) | |
| Plaintiff, | ) | **Order** |
| | ) | |
| v. | ) | |
| | ) | |
| CITI HOME LOANS SERVICING LP, a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1-100 inclusive, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **I. Background**

The Complaint (#1) alleges as follows: Plaintiff obtained a mortgage loan from Defendant Citi Home Loans Servicing LP ("Citi") on November 9, 1998 in the amount of $145,500.00. (Compl. ¶ 2 (#1).) The loan was secured by a deed of trust on the property located at 5402 Night Swim Lane, Las Vegas, Nevada 89113. (Id. ¶¶ 2-3.)

Plaintiff filed a Complaint (#1) on September 6, 2011, naming Citi Home Loans Servicing LP ("Citi") and Mortgage Electronic Registration Systems ("MERS") as Defendants and alleging the following twelve causes of action: (1) Declaratory Relief; (2) Injunctive Relief; (3) Contractual Breach of Good Faith and Fair Dealing; (4) Violations of TILA; (5) Violations of RESPA; (6) Rescission; (7) Unfair and Deceptive Acts and Practices (UDAP); (8) Breach of

Fiduciary Duty; (9) Unconscionability; (10) Predatory Lending; (11) Quiet Title; and (12) Lack of Standing; Improper Fictitious Entity.

Defendant Citi filed a Motion to Dismiss (#9) on October 25, 2011. Plaintiff responded (#17) on November 2, 2011. Defendant MERS filed a Joinder (#19) to Citi's Motion to Dismiss (#9) on November 7, 2011. Citi replied (#20) on November 9, 2011. MERS filed a second Joinder (#23) to Citi's Motion to Dismiss (#9) on December 15, 2011.

On November 3, 2011, we denied (#18) Plaintiff's motion for entry of clerk's default (#6).

Defendant MERS filed a Motion to Dismiss (#24) on February 23, 2012. Plaintiff responded (#26) on February 27, 2012, and filed a second Response (#28) on February 29, 2012. MERS replied (#29) on March 9, 2012.

## II. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007)

("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

### III. Discussion

**A. Contractual Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw. Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and

3

(4) the plaintiff's justified expectations were denied. See <u>Perry v. Jordan</u>, 134 P.3d 698, 702 (Nev. 2006) (citing <u>Hilton Hotels Corp. v. Butch Lewis Prod. Inc.</u>, 808 P.2d 919, 922-23 (Nev. 1991)).

Here, Plaintiff claims that Defendants breached the covenant by withholding information and placing Plaintiff in a loan for which she did not qualify. However, these alleged omissions and misrepresentations occurred *before* a contract was formed. A party cannot breach the covenant of good faith and fair dealing before a contract is formed. See <u>Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.</u>, 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance of obligations under an extant contract, and not to any pre-contract conduct."). Plaintiff fails to allege facts to establish that a breach occurred after the contract between the parties was formed. Because Plaintiff's claim revolves entirely around alleged misrepresentations made before the contract was entered into, it fails as a matter of law.

Moreover, Defendants were under no obligation to disclose the risks of the loan and whether Plaintiffs could afford it:

> Although the Nevada Supreme Court has not ruled on the issue, this Court and the Ninth Circuit Court of Appeals have predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."

<u>Megino v. Linear Fin.</u>, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting <u>Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.</u>, 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), <u>overruled on other grounds by</u> <u>Giles v. Gen. Motors Acceptance Corp.</u>, 494 F.3d 865 (9th Cir. 2007)). Where there is no duty to determine a borrower's ability

4

to repay the loan, there can be no breach of that obligation. For this additional reason, Plaintiff's claim must fail.

**B. Violations of TILA**

The Truth in Lending Act ("TILA") imposes a one-year statute of limitations within which a claim for damages "may be brought." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Equitable tolling may nonetheless apply in certain circumstances and can operate to suspend the limitations period until the borrower discovers or has reasonable opportunity to discover the fraud or non-disclosure that form the basis of the TILA action. See id. at 914-15. However, such equitable tolling is only appropriate when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also Bailey v. Aurora Loan Servs., LLC, No. 2:10-cv-02119-GMN-PAL, 2011 WL 3300234, at *2 (D. Nev. Aug. 1, 2011) (citing Copeland v. Lehman Bros. Bank, No. 09cv1774-WQH-RBB, 2011 WL 9503, at *6 (S.D. Cal. Jan. 3, 2011)). Additionally, where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Federal Rule of Civil Procedure 9(b). 389 Orange St. Partners v. Arnold, 179 F.3d 656, 662 (9th Cir. 1999).

Here, Plaintiff filed this lawsuit almost thirteen years after the consummation of the underlying transaction and has pleaded no facts indicating that any Defendant prevented Plaintiff from discovering the alleged TILA violations or otherwise caused Plaintiff

5

to miss the filing deadline.  Although Plaintiff claims that the statute of limitations was "tolled due to Defendants' failure to effectively provide the required disclosures and notices (Compl. ¶ 60 (#1)), Plaintiff does not explain why these alleged TILA violations could not have been discovered by exercising reasonable diligence. Accordingly, Plaintiff's TILA damages claim is time-barred and will be dismissed.

**C. Violations of RESPA**

The Real Estate Settlement Procedures Act ("RESPA") imposes either a one- or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614.  Violations of sections 2607 and 2608 have a one-year statute of limitations, whereas violations of section 2605 have a three-year statute of limitations.  Id.

Plaintiff fails to state which of these three provisions Defendants allegedly violated.  Such a failure may itself be sufficient grounds for the dismissal of a RESPA claim.  See Bailey, 2011 WL 3300234, at *3 (citing Gorospe v. Sec. Nat'l Mortg., CV No. 10-00506 DAE-BMK, 2011 WL 57884, at *7 (D. Haw. Feb. 8, 2011)).  The Court and Defendants should not have to speculate as to under which provisions Plaintiff is suing. Regardless, the claims are time-barred as they arise out of the origination of the loan transaction consummated in 1998, well over three years ago.  Plaintiff has failed to argue that equitable tolling applies to this claim, nor has Plaintiff pleaded any facts that would support a finding of equitable tolling.  Accordingly, Plaintiff's RESPA cause of action will be dismissed.

6

**D. Unfair and Deceptive Acts and Practices**

Plaintiff's seventh claim for violation of Nevada's Unfair and Deceptive Trade Practice Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law. According to the statute, a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes make explicit that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempted from acquiring licenses in this mortgage foreclosure case, Plaintiff's claim is without merit.

Moreover, Plaintiff's seventh cause of action for violation of Nevada's Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, is also time-barred. "The unfair lending practices claim is barred by the statute of limitations because the lawsuit was filed over three years after the loans were made." Smith, 773 F.Supp.2d at 944 (citing Nev. Rev. Stat. § 11.190(3)(a)). Accordingly, Plaintiff's unfair practices claim must be dismissed.

**E. Breach of Fiduciary Duty**

It is well-settled that lenders and servicers owe no fiduciary duties to mortgage borrowers. Megino v. Linear Fin., No. 2:09-CV-

7

00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)); see also Kwok v. Recontrust Co., No. 2:09-cv-02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel v. Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev. June 23, 2010); Renteria v. United States, 452 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570 (Cal. Ct. App. 2006). Plaintiff has failed to allege sufficient facts to establish that Defendants acted as anything other than arms-length lenders which does not, in itself, create a fiduciary relationship. Absent a duty, there can be no breach. See A.C. Shaw, 784 P.2d at 10. Furthermore, Plaintiff's claim is time-barred by a three-year statute of limitations governing breach of fiduciary duty claims. NEV. REV. STAT. § 11.190(3)(d). Accordingly, Plaintiff's claim for breach of a fiduciary duty fails to state a claim upon which relief can be granted.

**F. Unconscionability**

Unconscionability is not a claim for relief, but rather a defense to a breach of contract claim. The Court will therefore treat Plaintiff's claim as a request for a declaratory judgment that the mortgage is unconscionable and unenforceable. See Ahmed v. Deutsche Bank, N.A., No. 2:09-cv-02234-GMN-LRL, 2011 WL 3425460, at *7 (D. Nev.

8

Aug. 4, 2011); Villa v. First Guar. Fin. Corp., No. 2:09-cv-02161-GMN-RJJ, 2010 WL 2953954, at *5 (D. Nev. July 23, 2010).  Under Nevada law, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a contract on this ground.  Burch v. Cty. of Washoe, 49 P.3d 647, 650 (Nev. 2002).  Procedural unconscionability exists when a party lacks a meaningful opportunity to agree to a contract's terms and often involves the use of fine print or complicated, misleading language.  D.R. Horton, Inc. v. Green, 96 P.3d 1159, 1162 (Nev. 2004).  A contract is substantively unconscionable when the contract's terms and the circumstances at the time of the execution are so one-sided as to oppress or unfairly surprise an innocent party.  Guerra v. Hertz Corp., 504 F.Supp.2d 1014, 1021 (D. Nev. 2007) (citation omitted).

     Here, Plaintiff's claim for unconscionability fails.  Plaintiff does not claim that there was no meaningful opportunity to agree to contract terms, nor does Plaintiff claim that the terms of the loan agreement are substantively unconscionable.  Plaintiff provides no more than bald legal conclusions insufficient to survive a motion to dismiss pursuant to Rule 12(b)(6).  Furthermore, the procedures and processes concerning home loan and mortgages are strictly regulated by numerous federal act including TILA and RESPA.  Hall v. MortgageIt, Inc., No. 2:09-CV-2233 JCM (GWF), 2011 WL 2651870 (D. Nev. July 6, 2011).  As noted above, Plaintiff's TILA and RESPA claims are time-barred.  Plaintiff's claim of unconscionability will therefore be dismissed.

**G. "Predatory Lending"**

Plaintiff's tenth cause of action is entitled "Predatory Lending." There is currently no common law cause of action for "predatory lending." Moreover, the claims are duplicative of allegations made with regard to Plaintiff's other causes of action for violations of TILA, violation of Nevada's Unfair and Deceptive Trade Practices Act, and breach of fiduciary duty. To the extent that Plaintiff claims that Defendants engaged in fraud, the allegations are far from sufficient in light of Federal Rule of Civil Procedure 9(b), which requires that circumstances constituting fraud must be stated with particularity. For these reasons, Plaintiff's claim for "predatory lending" must be dismissed.

**H. Quiet Title**

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-00084, 2011 WL 4574338, at *3 (D. Nev. Sep. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011)). Plaintiff has failed to allege that Plaintiff is not in

10

breach of the loan agreement.  Accordingly, Plaintiff's eleventh cause of action is dismissed.

**I. "Lack of Standing; Improper Fictitious Entity"**

As part of the eleventh cause of action, Plaintiff alleges that MERS is an artificial entity that has no beneficial interest in the underlying note, rendering any assignments executed by MERS a nullity. Plaintiff further alleges that MERS has no legal standing to foreclose on the property.  The Court will address Plaintiff's allegations in spite of the fact there is no common law cause of action for "lack of standing," as Plaintiff's claims are similar to many of those asserted in this District as part of a cause of action for wrongful foreclosure.

The Ninth Circuit has rejected Plaintiff's argument that the involvement of MERS somehow invalidates a later foreclosure:

> Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose . . . . MERS did not initiate foreclosure: the trustees initiated foreclosure in the name of the lenders.  Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be proper parties to initiate foreclosure after the plaintiffs defaulted on their loans.

Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir. 2011).  Furthermore, as was the case in Cervantes, Plaintiff's allegations do not call into question whether the trustees were agents of the lenders, nor do they raise any inference that the foreclosure was otherwise improper.  See id.  Furthermore, this District has held that even though MERS does not have a beneficial interest in the underlying note, MERS as a nominee for the lender on a deed of trust

11

has the power to assign the lender's beneficial interest and to foreclose on the property. See, e.g., Smith v. Cmty. Lending, Inc., 773 F.Supp.2d 941, 944 (D.Nev. 2011). Plaintiff's twelfth cause of action is therefore completely without merit and must be dismissed.

**J. Declaratory and Injunctive Relief**

Injunctive and declaratory relief are remedies, not independent causes of action. Parker v. Greenpoint Mortg. Funding Inc., No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, at *5 (D. Nev. Jul. 15, 2011); In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). Because we have dismissed all of Plaintiff's substantive causes of action, Plaintiff's first and second causes of action for declaratory and injunctive relief must also be dismissed.

**K. Rescission**

To the extent that Plaintiff's sixth cause of action for rescission is premised on TILA violation, it must be dismissed. A TILA rescission claim has a three-year statute of limitations that is not subject to equitable tolling. Bailey v. Aurora Loan Servs., LLC, 2011 WL 3300234, at *3 (citing Birk v. Gateway Funding Corp., No. CIV S-10-1039-MCE-CMK, 2011 WL 590865, at *5 (E.D.Cal. Feb. 10, 2011)). Furthermore, like Plaintiff's "claims" for declaratory and injunctive relief, rescission is a remedy and not an independent cause of action under Nevada law. Frederick v. Fed. Nat'l Mortg. Ass'n, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801, at *6 (D. Nev. Apr. 18, 2012); see also Great Am. Ins. Co. v. Gen. Builders, Inc., 934 P.2d 256 (Nev. 1997) ("[R]escission is not a claim, but rather a remedy."). Because

we dismiss all of Plaintiff's substantive claims, we will also dismiss Plaintiff's "claim" for the remedy of rescission.

### IV. Conclusion

Plaintiff has asserted twelve causes of action relating to a loan transaction consummated in 1998.  As such, the vast majority of Plaintiff's claims are time-barred, and all of them are without merit. The Complaint (#1) must therefore be dismissed in its entirety.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants Citi's Motion to Dismiss (#9) and Defendant MERS's Motion to Dismiss (#24) are **GRANTED**.

The Clerk shall enter judgment accordingly.

DATED: May 23, 2012.

_____
UNITED STATES DISTRICT JUDGE

13